**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sport Collectors Guild Incorporated, et al., | No. CV-19-04573-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Small Business Administration, et al., | |
| Defendants. | |

Before the Court are Motions to Dismiss Plaintiffs' First Amended Complaint filed by Defendant United States and Defendant Bank of America, N.A. ("Bank of America"). (Docs. 22, 34).[1] The motions are fully briefed. The Court did not hold oral argument because the parties did not request it and because it would not significantly aid in the decisional process. See Fed. R. Civ. P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same). For the reasons expressed herein, the Court will grant the Motions.

## I.   BACKGROUND

This case is about a loan, whether it should have been issued in the first place, and what to do about it now. Defendants' motions ask the Court to dismiss the case rather than take up these issues. One defendant, Bank of America, argues that its alleged

---

[1] In addition to naming the United States, Plaintiffs name the United States Small Business Administration as a party. An administrative "agency itself cannot be sued under the" Federal Tort Claims Act. *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). The Court will therefore dismiss the United States Small Business Administration as a party.

actions did not injure Plaintiffs.  The United States is also a defendant.  It argues that Plaintiffs can't sue the Government under these circumstances even assuming Plaintiffs' version of the facts is true.  The Court now summarizes the facts that led to this case, starting from the beginning.  *Cf.* Julie Andrews, Do-Re-Mi (RCA Victor) ("Let's start at the very beginning.   A very good place to start.").

### A.   Obtaining and Defaulting on the Loan

Patrice Lagnier and her company, Sport Collectors Guild, Inc. ("Sport Collectors"), are the plaintiffs in this case.  (Doc. 19 at 3.)  Plaintiffs originally had a line of credit for Sport Collectors with a non-party bank.  (*Id.* at 4.)  According to Plaintiffs, Bank of America approached them with an enticing deal for a business loan through a Small Business Administration ("SBA") program called SBAExpress.  (*Id.* at 5.)  That loan, and the question of whether SBA and Bank of America breached their responsibilities by allegedly issuing it when Plaintiffs were not eligible, give rise to the merits of this dispute.

Plaintiffs contend that SBA policy prohibited them from obtaining a loan for three reasons.  First, one of the personal guarantors had a criminal history, which was disclosed during the application process.  Second, Plaintiffs could have obtained credit from a non-federal source.  Third, they already had an existing line of credit through another bank that met their needs.  (*Id.* at 5–6.)  Any one of these factors, Plaintiffs argue, should have caused Bank of America to not issue the loan and SBA to not guarantee the loan.[2]

Plaintiffs defaulted on the loan.  (*Id.* at 8.)   Bank of America then accelerated the loan's maturity date.  (*Id.*)  The bank took Plaintiffs to Arizona Superior Court to collect on the loan.  (*Id.* at 10.)  Eventually, the Superior Court ordered the parties to arbitrate the payment dispute.  (*Id.* at 11.)  Instead of doing that, Bank of America billed SBA, which had guaranteed the loan.  (*Id.* at 11-12.)  The Department of the Treasury attempted to collect from Plaintiffs, but eventually stopped because the debt was in dispute. (*Id.* at 15.)

---

[2] The parties dispute whether Plaintiffs were eligible for the loan.  (Doc. 22 at 10–11.) As explained in the legal standard section, however, on a Motion to Dismiss for Failure to State a Claim, the Court takes as true Plaintiffs' factual allegations.

1   Once that happened, SBA billed Bank of America for the money the Government paid

2   the bank.  (*Id.*; Doc. 41 at 6-7.)

3      **B.    Federal Litigation**

4      After the debt collection proceedings, Plaintiffs filed a lawsuit against Bank of

5   America in Arizona state court.  That case was removed to federal court.  (16-CV-02229-

6   PHX-ROS, "First Case", Doc 1-2 at 2.)[3]  It involved the same loan at issue here.  This

7   Court entered summary judgment in favor of Bank of America in the First Case.

8      Afterwards, Plaintiffs went back to SBA and filed an administrative claim

9   alleging a theory not decided in the First Case: negligent supervision of its employees and

10  of the relevant lending program.  (Doc. 19 at 15; Doc. 22 at 8.)  The Federal Tort Claims

11  Act ("FTCA") requires that people injured by an administrative agency first file a claim

12  with the agency and exhaust that process before filing a lawsuit.  *McNeil v. United States*,

13  508 U.S. 106, 111 (1993).  After the SBA denied relief, Plaintiffs filed suit in this case.

14  (Doc. 19 at 15.)

15     The United States then moved to dismiss the original complaint.   (Doc. 15.)

16  According to Plaintiffs, previously undisclosed documents attached to that motion were

17  the smoking gun, revealing that Bank of America – rather than the SBA – now has

18  administrative control over the loan.  (Doc. 41 at 10–11.)  Thus, Plaintiffs amended their

19  complaint and added Bank of America as a Defendant.  (Doc. 19.)  The motion to dismiss

20  the original complaint became moot.  (Doc. 38.)

21     The First Amended Complaint makes three basic allegations: (1) SBA employees

22  negligently and wrongfully issued the SBAExpress loan number for Plaintiffs' loan;

23  (2) SBA employees negligently failed to conduct annual loan reviews for several years;

24  and (3) Bank of America fraudulently induced Plaintiffs to execute the SBAExpress loan

25  agreement.  (Doc. 19 at 16–19.)   The United States and Bank of America filed the

26

27

28  _____

[3] As public records, the Court may, and does, take judicial notice of the existence of the First Case without converting the Motion to Dismiss into a motion for summary judgment.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

1   pending Motions to Dismiss Plaintiffs' First Amended Complaint.  (Doc. 22 and Doc. 34,

2   respectively.)

3   **II.   LEGAL STANDARD**

4        A complaint that fails to allege facts sufficient to establish Article III standing

5   requires dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil

6   Procedure 12(b)(1).  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  To

7   have standing for relief under Article III, a plaintiff must, among other things, show that

8   "he is under threat of suffering 'injury in fact' that is concrete and particularized; the

9   threat must be actual and imminent, not conjectural or hypothetical . . . ." *Summers v.*

10  *Earth Island Inst.*, 555 U.S. 488, 493 (2009).

11       Now to the standard for a 12(b)(6) motion.  A complaint must set forth a "short

12  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

13  Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient

14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

15  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

16  544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that

17  allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Only if

19  the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to

20  support a claim is dismissal appropriate.  *Shroyer v. New Cingular Wireless Serv's, Inc.*,

21  622 F.3d 1035, 1041 (9th Cir. 2010).  In deciding a Rule 12(b)(6) motion, the Court must

22  take all allegations of material fact as true and construe them in the light most favorable

23  to the nonmoving party.  *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009) (citation

24  omitted).  However, courts "are not bound to accept as true a legal conclusion couched as

25  a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

26  265, 286 (1986)).

27  / / /

28  / / /

- 4 -

## III.   DISCUSSION

Plaintiffs have asserted three causes of action in this case.  Two are negligence claims against the United States.  They allege that the Government was negligent in both wrongfully issuing a SBAExpress loan number and in failing to conduct annual reviews of Plaintiffs' loan as allegedly required by SBA rules.  In a third cause of action, Plaintiffs allege that Bank of America fraudulently induced Plaintiffs to obtain a loan despite their ineligibility.  The Court will address both Bank of America's standing argument and the United States' argument that Plaintiffs have failed to state a claim.

### A.   Fraudulent Inducement Claim

Bank of America argues that Plaintiffs do not have standing because they have not alleged a cognizable injury.  (Doc. 34 at 5-7.)  "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U. S. Bank N.A*, ___ U.S. ___, 140 S. Ct. 1615, 1618 (2020).

Plaintiffs requested a loan.  They received it.  Whether the loan should have been issued is beside the point, according to Bank of America.  (Doc. 34 at 6-7.)  Plaintiffs respond by arguing that if they had received the loan they requested, Bank of America "would have complied with SBA's rules and made good efforts to work out a payment plan [] that would serve the best interests of Plaintiffs and SBA."  (Doc. 41 at 13.)  Further, Plaintiffs say they chose to apply for an SBA loan "based on [Bank of America]'s promise that it would comply with SBA's rules and regulations that protect small business borrowers from lender fraud and abuse . . . ."  (*Id*. at 2.)

These arguments fail.  Regardless of whether Bank of America was obliged to follow SBA regulations, Plaintiffs cannot enforce that obligation.  This is because Plaintiffs are not parties to the agreement between Bank of America and SBA concerning how the loan program is to be administered.  (Doc. 34 at 6.)  Conjecture about whether SBA policy would have caused Bank of America to show greater leniency when

1    Plaintiffs defaulted on their loan is not sufficient to state a concrete injury, a core

2    requirement for Article III standing.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560,

3    (1992).

4    **B.    Negligence Claims Under the Federal Tort Claims Act**

5    Plaintiffs allege that the United States was negligent in two ways.  First, it

6    improperly issued an SBAExpress loan number for Plaintiffs' loan.  (Doc. 19 at 16-17.)

7    Second, for years SBA didn't follow its own policy to conduct annual loan reviews,

8    which allegedly should have caught the improperly issued loan.[4]  (*Id.* at 17–18.)

9    According to Plaintiffs, these acts and omissions violate of certain federal statutes,

10   regulations and procedures that govern it.  The violations are critical, Plaintiffs argue,

11   because violating a statutory or regulatory provision can cause someone to be liable

12   under California's negligence per se doctrine.[5]  (Doc. 42 at 14.)  This, in turn, would give

13   rise to liability under the FTCA which says that the United States may be liable for state-

14   law torts of federal employees "in the same manner and to the same extent as a private

15   individual under like circumstances" according to the law of the state where the

16   misconduct occurred.  28 U.S.C. §§ 2674, 1346(b)(1); *FDIC v. Meyer*, 510 U.S. 471, 477

17   (1994).

18   The United States argues that even if the SBA employees had violated the

19   agency's governing laws, Plaintiffs' claims must be dismissed because: (1) the FTCA

20   does not create a private right of action for such violations and (2) the doctrine of

21   negligence per se is an evidentiary presumption, not an independent cause of action.

22   (Doc. 22 at 2, 8; Doc. 45 at 2.)   A Ninth Circuit decision supports the Government's

23   view.  In *Delta Savings Bank v. United States*, 265 F.3d 1017 (9th Cir. 2001), *cert.*

24   *denied*, 534 U.S. 1082 (2002), the plaintiffs argued that the FTCA waives sovereign

25   immunity for negligence per se claims arising from violations of federal law.  *Id.* at 1025.

26   ---

[4] Plaintiffs do not cite to the specific source of the alleged annual review requirement,
27   (Doc. 19 at 9, 11, 17–18; Doc. 42 at 1), and the United States argues that such a
     requirement does not exist.  (Doc. 22 at 11–12.)
     [5] The first time Plaintiffs argue that the alleged misconduct occurred in California was in
28   Plaintiffs' response to the pending Motion to Dismiss, and Plaintiffs did not provide
     specific factual allegations to support this conclusory statement.  (Doc. 42 at 2, 14.)

1    The court called the argument "an attempt to do an 'end around' the local law
2    requirements of the FTCA." *Id.* at 1026.  The court held that "[t]o bring suit under the
3    FTCA based on negligence per se, a duty must be identified, and this duty cannot spring
4    from a federal law." *Id.*  Instead, the legal duty "must arise from state statutory or
5    decisional law." *Id.*  *See also Love v. United States*, 60 F.3d 642, 644 (9th Cir. 1995)
6    (citation omitted) ("The breach of a duty created by federal law is not, by itself,
7    actionable under the FTCA.").

8          The existence of a legal duty is a threshold question.  Without a duty under state
9    law, an action for negligence cannot be maintained.  *Gipson v. Kasey*, 150 P.3d 228, 230
10   (Ariz. 2007); *Muchhala v. United States*, 532 F. Supp. 2d 1215, 1230 (E.D. Cal. 2007).
11   Here, Plaintiffs have not expressed an alternate theory to establish that Plaintiffs were
12   owed a legal duty under the laws of either Arizona or California.  Accordingly, they have
13   failed to establish the state-law duty necessary to bring either of their negligence claims
14   under the FTCA.  The Court will dismiss these causes of action for failure to state a
15   claim.

16   **IV.      CONCLUSION**

17         The Court finds that Plaintiffs do not have standing to raise their fraudulent
18   inducement claim against Bank of America.  Further, Plaintiffs have failed to show that
19   SBA employees, if private actors, would have owed a duty under state law to
20   independently review Plaintiffs' eligibility before issuing a loan number or to annually
21   review guaranteed loans.  Because these findings are dispositive, the Court does not
22   express an opinion regarding the remaining issues raised by the parties.

23         Accordingly,

24         **IT IS ORDERED granting** Defendant Bank of America's Motion to Dismiss the
25   fraudulent inducement claim for lack of standing.  (Doc. 34.)

26         **IT IS FURTHER ORDERED granting** Defendant United States' Motion to
27   Dismiss the negligence claims for failure to state a plausible claim for relief under the
28   FTCA.  (Doc. 22.)

1      **IT IS FURTHER ORDERED dismissing** the United States Small Business

2 Administration as a party.

3      **IT IS FURTHER ORDERED granting** Plaintiffs leave to file an amended

4 complaint by July 31, 2020.

5      **IT IS FINALLY ORDERED** that the Clerk of Court shall not enter judgment at

6 this time.  Should Plaintiffs not amend their complaint by July 31, 2020, the Clerk of

7 Court shall enter judgment and terminate this case.

8      Dated this 17th day of July, 2020.

9

10

11      Michael T. Liburdi

12      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28