**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sport Collectors Guild Incorporated, et al., | No. CV-19-04573-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Before the Court is Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss for Failure to State a Claim (Doc. 57) and Defendant United States of America's ("United States") Motion to Dismiss for Lack of Jurisdiction (Doc. 58). For the reasons set forth below, both motions are granted.[1]

**I.    BACKGROUND**

This Court previously set forth this case's background in detail. (Doc. 52.) For that reason, this section will be limited to the essential facts.

Plaintiff Sport Collectors Guild, Inc., which was owned by Plaintiff Patrice Lagnier (collectively, "Sport Collectors"), "was a leading manufacturer of sports replicas." (Doc. 55 ¶ 12.) In 2003, Bank of America extended to Sport Collectors a business loan through a United States Small Business Administration ("SBA") program called SBAExpress. (*Id.* ¶¶ 12–15.) Bank of America understood that Sport Collectors

---

[1] Both parties have fully briefed the issues and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

"would accept its offer of a line of credit" if Sport Collectors was eligible for the loan and "Sepideh Lagnier (Plaintiff Lagnier's former spouse) [was] a co-guarantor on the loan agreement." (*Id.* ¶ 16.) After making several payments, Sport Collectors defaulted on the loan. (*Id.* ¶¶ 21–22.) Bank of America then accelerated the loan's maturity date and demanded immediate payment. (*Id.* ¶ 22.) In 2010, the bank placed Sport Collectors "in liquidation status" and filed a collection action in Arizona Superior Court. (*Id.* ¶ 23.) Eventually, the Arizona Court of Appeals ruled that the dispute is subject to an arbitration agreement. (*Id.* ¶ 26.) In 2014, Sport Collectors then amended its "answer to include four counterclaims" against Bank of America, including "breach of the implied covenant of good faith and fair dealing." (*Id.* ¶ 31; Doc. 62 at 6.)[2] Rather than arbitrate that dispute, Bank of America billed SBA, which had guaranteed the loan through its SBAExpress program. (Doc. 55 ¶ 27.) SBA paid Bank of America. (*Id.* ¶ 28.) The United States Department of the Treasury attempted to collect from Sport Collectors, but eventually stopped because Sport Collectors disputed the debt. (*Id.* ¶¶ 28–30.) SBA then billed Bank of America to claw back the money it had paid the bank. (*Id.* ¶ 30.)

Sport Collectors later sued Bank of America in Arizona Superior Court on the same loan, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, abuse of process, and intentional inflection of emotional distress. (Doc. 62 at 6.) The bank removed to federal court. (16-CV-02229-PHX-ROS, Doc. 1-2 at 2.)[3] Sport Collectors filed a motion to amend its complaint to add a fraudulent misrepresentation and fraudulent concealment claim, but the Court denied that motion because these proposed amendments were futile. (16-CV-02229-PHX-ROS, Doc. 72.) This Court then entered summary judgment in Bank of America's favor on all claims. (16-CV-02229-PHX-ROS, Doc. 102.)

After Sport Collectors exhausted its administrative remedies, it filed the instant

---

[2] Sport Collectors does not provide any information to explain if these counterclaims were litigated or how they were resolved.
[3] As public records, the Court may, and does, take judicial notice of the existence of another case without converting the Motion to Dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

suit against SBA and the United States. (Doc. 1; Doc. 55 ¶ 36.) This time, Sport Collectors alleged two causes of action against the United States and SBA: (1) negligence under the Federal Tort Claims Act ("FTCA") and (2) violation of the Administrative Procedure Act. (*Id.*) The United States moved to dismiss the original complaint. (Doc. 15.) Sport Collectors then filed a First Amended Complaint adding Bank of America as a defendant.[4] (Doc. 19.) The United States and Bank of America each moved to dismiss. (Doc. 22; Doc. 34.)

This Court granted both the United States' and Bank of America's motion to dismiss with leave to amend. (Doc. 52.) This Court also dismissed SBA as a party and held that Sport Collectors' fraudulent inducement claim did not allege a concrete injury to have Article III standing. (*Id.* at 1, 5–6.) This Court also found that Sport Collectors' FTCA cause of action "failed to establish the state-law duty necessary to bring either of [its] negligence claims." (*Id.* at 7.) This led to Sport Collectors filing a Second Amended Complaint. (Doc. 55.) The United States and Bank of America then filed the pending motions to dismiss. (Doc. 57; Doc. 58.)

## II.   LEGAL STANDARD

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Only if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim is dismissal appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In deciding a Rule 12(b)(6) motion, the Court must take all allegations of material fact as true and

---

[4] The United States' motion to dismiss the original complaint became moot. (Doc. 38.)

construe them in the light most favorable to the nonmoving party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Motions to dismiss based on an exception to the FTCA's waiver of sovereign immunity are treated as motions to dismiss for lack of subject matter jurisdiction and reviewed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Parker v. United States*, No. CV 10-1407-PHX-SRB, 2011 WL 13189942, at *2 (D. Ariz. May 6, 2011); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction."). While the plaintiff has the burden of showing that it has alleged facts potentially within the FTCA's waiver of immunity, the United States bears the burden of proving the applicability of an exception to the waiver of immunity under the FTCA. *Bailey v. United States*, 623 F.3d 855, 859 (9th Cir. 2010); *Prescott v. United States*, 973 F.2d 696, 701–02 (9th Cir. 1992).

Finally, a complaint that fails to allege facts sufficient to establish "Article III standing requires dismissal for lack of subject matter jurisdiction" under Rule 12(b)(1). *Satanic Temple, Inc. v. City of Scottsdale*, 423 F. Supp. 3d 766, 772 (D. Ariz. 2019) (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)). It is also proper for a court to dismiss a cause of action with prejudice when a plaintiff lacks standing and further pleading amendments would be futile. *See City of San Juan Capistrano v. Cal. Pub. Util. Comm'n*, 937 F.3d 1278, 1280–82 (9th Cir. 2019).

### III.   DISCUSSION

Sport Collectors has asserted three causes of action in this case. First, Sport Collectors contends that Bank of America fraudulently induced it into accepting a loan that Bank of America knew could not have been administered. Second, Sport Collectors alleges that the United States failed to protect it against Bank of America's "wrongful actions." Third, Sport Collectors alleges that Bank of America breached the covenant of

good faith and fair dealing. The Court will address each cause of action in turn.

### A. Fraudulent Inducement Claim

#### 1. Standing

This Court previously held that Sport Collectors lacks standing to bring its fraudulent inducement claim. (Doc. 57 at 2–3; Doc. 52 at 5–6.) Bank of America now renews its objection to Sport Collectors' standing. "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U. S. Bank N.A*, ___ U.S. ___, 140 S. Ct. 1615, 1618 (2020) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.*

Bank of America contends that Sport Collectors has not alleged a "cognizable injury" and only added to its Second Amended Complaint a conclusory statement that Sport Collectors "suffered an injury in fact that is concrete." (*Id.*) Bank of America also points out that the Second Amended Complaint "simply attempts to re-cast the same allegations about SBA eligibility and Sepideh Lagnier's ability to guaranty the loan from the First Amended Complaint . . . into an assertion that these issues were 'conditions precedent' to [Bank of America's] loan." (*Id.* at 2–3.) Sport Collectors argues more generally that as a result of Bank of America's failure to disclose that certain conditions were not met before the loan was extended, Sport Collectors lost its line of credit with its previous bank and was "forced out of business." (Doc. 59 at 14 (citing Doc. 55 ¶ 52).)

Sport Collectors has not met its burden of establishing standing to bring this claim. *Lujan*, 504 U.S. at 561. In fact, Sport Collectors fails to substantively respond to Bank of America's standing argument at all. As this Court's previous order explained, Sport Collectors failed to show a cognizable injury-in-fact or that it had any legal standing to enforce Bank of America's SBA obligations as a non-party "to the agreement between Bank of America and SBA concerning how the loan program is to be administered." (Doc. 52 at 5.) Here, Sport Collectors' Second Amended Complaint does not add any new allegations to prove an injury-in-fact, besides the conclusory addition that it has "suffered an injury in fact that is concrete, particularized, and actual." (Doc. 55 ¶ 53.) This conclusory allegation, however, does not help establish Sport Collectors' standing. *Iqbal*, 556 U.S. at 678. The Court also agrees with Bank of America's argument that Sport Collectors' Second Amended Complaint "simply attempts to re-cast" the same allegations from the First Amended Complaint by calling them "conditions precedent." As a non-party to Bank of America's and SBA's agreement on what conditions must be met before a loan is administered, Sport Collectors has failed to identify a concrete injury in its Second Amended Complaint. Sport Collectors received the exact loan it asked for and has not alleged a cognizable injury-in-fact from Bank of America's failure to satisfy any "conditions precedent" to the loan. *Lujan*, 504 U.S. at 560. Accordingly, Sport Collectors lacks standing to bring its fraudulent inducement claim.

### 2. Claim Preclusion

Under Arizona law, "a final judgment may preclude later litigation of other causes of action based on the transaction or series of transactions out of which an action arises." *Crosby-Garbotz v. Fell in & for Cty. of Pima*, 246 Ariz. 54, 59 (2019).[5] Claim preclusion bars a claim when the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties. *Jaffe v. Legacy Partners Residential Inc.*, No. 1 CA-CV 19-0505, 2020 WL 1952461, at

---

[5] Sport Collectors and Bank of America agree that Arizona law applies to the fraudulent inducement claim and claim preclusion argument. (*See* Doc. 57 at 5–7; Doc. 59 at 12–15.)

- 6 -

\*1 (Ariz. App. Apr. 23, 2020) (citation omitted). "Claim preclusion also precludes claims based on facts that were not only litigated but might have been litigated." *Id.* (citing *Pettit v. Pettit*, 218 Ariz. 529, 533 (App. 2008)).

Arizona law follows the "same evidence" test, which holds that "[a] cause of action is the same if no additional evidence is needed to prevail in the second action than that needed in the first." *Best v. Driggs Title Agency, Inc.,* No. 1 CV-CV 19-0037, 2019 WL 7182582, at \*2 (Ariz. App. Dec. 24, 2019) (citation and internal quotation marks omitted). Bank of America argues that Sport Collectors, in the earlier federal case, brought the same fraud cause of action relating to Sport Collectors' eligibility for the SBAExpress loan. (Doc. 57 at 6 (citing 16-CV-02229-PHX-ROS, Doc. 61-1).) Bank of America contends that the previous fraud cause of action and the fraudulent inducement claim brought here requires Sport Collectors "to provide evidence that [its] loan somehow was not eligible to be an SBAExpress loan." (*Id.*) Sport Collectors responds that this cause of action is not precluded because "additional evidence" is needed "to support allegations that SBA denied [Bank of America's] guaranty request in 2015." (Doc. 59 at 14.) The Court finds Bank of America's argument persuasive.

When evaluating whether the same claim is involved under the "same evidence" test, "courts consider whether the new cause of action requires the plaintiff to establish a distinct element through different or additional facts." *Best,* 2019 WL 7182582, at \*2. Sport Collectors' initial fraud claim, and the fraudulent inducement claim it now brings, rely on the same elements. *See Carpenter Crest 401 v. Converti*, No. CV-15-02004-PHX-JZB, 2017 WL 816879, at \*5–6 (D. Ariz. Mar. 2, 2017) (analyzing fraud, fraudulent inducement, and intentional misrepresentation under the same Arizona state law fraud elements). Sport Collectors has not provided any different or additional facts to establish a distinct element. Sport Collectors continues to assert, as it did in the previous federal action, that Bank of America fraudulently misrepresented that Sport Collectors was "eligible for the SBAExpress loan program." (Doc. 55 ¶ 42.) Sport Collectors' argument that there is additional evidence related to SBA's denial of Bank of America's guaranty

request in 2015 is unconvincing. This denial occurred more than ten years after Sport Collectors contends it was fraudulently induced into entering the SBAExpress loan and does not impact Sport Collectors' fraud claim against Bank of America. This cause of action is therefore the same claim for claim preclusion purposes.

Arizona state courts "look to federal law to determine the preclusive effect of a federal district court judgment." *Bishara v. US Bank Nat'l Ass'n*, No. 1 CA-CV 16-0176, 2017 WL 3484503, at *2 (Ariz. App. Aug. 15, 2017) (citation omitted). A ruling denying leave to amend triggers claim preclusion under federal law. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 989 (9th Cir. 2005). Here, the previous federal court denial of Sport Collectors' motion for leave to amend as futile was a final judgment on the merits as to the fraud claim. (16-CV-02229-PHX-ROS, Doc. 72 at 4–6.) The two actions also involve identical parties, Sport Collectors and Bank of America. Thus, all elements for claim preclusion are satisfied and this serves as an independent basis to dismiss Sport Collectors' fraudulent inducement claim.

## B.     Negligence Claim Under the Federal Tort Claims Act

The United States enjoys sovereign immunity; it cannot be sued without its consent and such consent is a prerequisite for jurisdiction. *Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006). The FTCA "constitutes a limited waiver of that immunity." *LaBarge v. Mariposa Cty.*, 798 F.2d 364, 366 (9th Cir. 1986). In one instance, the FTCA waives the United States' sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). For that reason, the FTCA functions "to compensate the victims of negligence in the conduct of governmental activities in circumstances like unto those in which a private person would be liable and not leave just treatment to the caprice and legislative burden of individual private laws." *Indian Towing Co. v. United States*, 350

U.S. 61, 68–69 (1955).

"The FTCA's broad waiver of sovereign immunity is subject to a number of exceptions, including the discretionary function exception." *Nanouk v. United States*, 974 F.3d 941, 944 (9th Cir. 2020). This exception preserves the United States' sovereign immunity for any claim based on a discretionary function. *See* 28 U.S.C. § 2680(a). The United States argues that both the lack of a private party analogue and the existence of a discretionary function presents two jurisdictional hurdles that Sport Collectors cannot overcome. (Doc. 58 at 9–14.)

### 1. Private Party Analogue

Evident from 28 U.S.C. §§ 2674 and 1346(b)(1), the FTCA encompasses only those claims which possess a private party analogue. *See Myohanen v. United States*, No. CV-19-05866-PHX-JJT, 2020 WL 6063294, at *5 (D. Ariz. Oct. 14, 2020). The Court must therefore "analogize the government to a private actor in a similar situation and apply state law to determine amenability to suit and substantive liability." *LaBarge*, 798 F.2d at 366. "Although the federal government could never be exactly like a private actor, a court's job in applying the standard is to find the most reasonable analogy." *Dugard v. United States*, 835 F.3d 915, 919 (9th Cir. 2016) (citation and internal quotation marks omitted). The statutory requirement of "'like circumstances' [does] not restrict a court's inquiry to the *same circumstances*, but require it to look further afield." *United States v. Olson*, 546 U.S. 43, 46 (2005) (emphasis in original). Sport Collectors must therefore show that the United States' actions, if committed by a private party, would constitute negligence under California law.[6]

This Court previously dismissed Sport Collectors' two negligence claims under the FTCA because it did not express a theory "to establish that Plaintiffs were owed a

---

[6] Sport Collectors applies California law, stating that California is "where Plaintiffs allege SBA's conduct occurred." (Doc. 62 at 9; *see* Doc. 55 ¶ 4.) The United States does not object to this. (Doc. 58 at 9.) The Court will proceed analyzing this negligence claim under California law, as that is "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As a result, Sport Collectors must prove that, under California law, the United States owed it a legal duty. *See Muchhala v. United States*, 532 F. Supp. 2d 1215, 1230 (E.D. Cal. 2007).

legal duty under the laws of either Arizona or California." (Doc. 52 at 7.) Sport Collectors responds by citing two sources, a California appellate court decision and a California Vehicle Code section, to establish the state-law duty necessary to bring its new negligence claim under the FTCA.[7] (Doc. 55 ¶ 63; Doc. 62 at 9.) The United States argues that neither of these creates the proper private party analogue to establish a state-law duty. (Doc. 58 at 9–11; Doc. 63 at 2–3.)

First, Sport Collectors quotes from *Corona v. State of California*, 178 Cal. App. 4th 723 (2009), contending that the United States was under a duty to protect it against Bank of America's misconduct. (Doc. 55 ¶ 63.) *Corona* determined that the State of California could be liable under § 815.6 of the California Government Code because this section made it liable for the California State Athletic Commission's mandatory duty to license and regulate participation in boxing matches. 178 Cal. App. 4th at 726–29. Sport Collectors relies on § 815.6, which provides:

> Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

Cal. Gov't Code § 815.6.

The United States contends that this section fails to provide an appropriate private party analogue. As the United States argues, a waiver occurs "only where the local law would make a private person liable in tort, not where the local law would make a public entity liable." (*Id.*) This statute does no such thing. Section 815.6 "imposes liability

---

[7] To the extent that Sport Collectors argues that "SBA is mandated by statute to protect the interests of small business concerns," citing 15 U.S.C. § 631(a) and "SBA's *Workouts SOP*," (Doc. 55 ¶¶ 1, 57, 59; Doc. 62 at 9), this Court has already rejected this argument. (Doc. 52 at 6–7.) The law requires Sport Collectors to identify a state-law analogue to sustain liability under 28 U.S.C. § 1346(b)(1), not federal law or policy statements. *See Love v. United States*, 60 F.3d 642, 644 (9th Cir. 1995) ("The breach of a duty created by federal law is not, by itself, actionable under the FTCA.") (citation omitted); *see also Concrete Tie of San Diego, Inc. v. Liberty Const., Inc.*, 107 F.3d 1368, 1372 (9th Cir. 1997) ("[A] declaration of policy does not create a legally enforceable duty.").

exclusively on government agencies and not private persons." (*Id.* at 11.) The Court agrees.

As the United States Supreme Court held in *United States v. Olson*, the FTCA "requires a court to look to the state-law liability of private entities, not to that of public entities." 546 U.S. at 46. Clear from its text, § 815.6 imposes liability only on public entities. Thus, Sport Collectors cannot use this section to invoke 28 U.S.C. § 1346(b)(1)'s waiver of the United States' sovereign immunity under the FTCA. *See Houston v. Cty. of San Diego*, No. 06CV1285 IEG (AJB), 2008 WL 11508539, at *14 (S.D. Cal. Feb. 20, 2008) ("[P]laintiff cannot rely upon § 815.6 as a basis for liability under the FTCA.").

Second, Sport Collectors contends that California Vehicle Code § 17708 supplies a proper private party analogue. (Doc. 62 at 9.) Section 17708 provides:

> Any civil liability of a minor, whether licensed or not under this code, arising out of his driving a motor vehicle upon a highway with the express or implied permission of the parents or the person or guardian having custody of the minor is hereby imposed upon the parents, person, or guardian and the parents, person, or guardian shall be jointly and severally liable with the minor for any damages proximately resulting from the negligent or wrongful act or omission of the minor in driving a motor vehicle.

Cal. Veh. Code § 17708.

Sport Collectors argues this section applies because "SBA employees, if private actors, would have owed a duty to protect Sport Collectors from the transgressions of its authorized SBA lender, and been jointly and severally liable for damages proximately resulting from those transgressions." (Doc. 62 at 10.) The United States responds that this section "is inapplicable outside of a parent-child relationship" and "does not establish any sort of duty or claim under state law." (Doc. 63 at 3.)

The Court fails to understand how § 17708 establishes a private party analogue to invoke 28 U.S.C. § 1346(b)(1)'s waiver of the United States' sovereign immunity in this case. Section 17708 applies narrowly to a parent's or custodian's civil liability based on a

minor's motor vehicle operation on a highway. As the United States explains in its responsive brief, this statute "simply provides that when a minor driver is shown to be negligent, the minor's parents will also be liable for damages. Any plaintiff bringing suit against a minor would still need to establish a duty and breach of that duty to prove up negligence." (Doc. 63 at 3.) Even if this statute does establish a duty, it does not provide "an appropriate analogy" to the United States' position and it is inconceivable that this statute would have any bearing on the claim here. *See Firebaugh Canal Water Dist. v. United States*, 712 F.3d 1296, 1303 (9th Cir. 2013). Sport Collectors asserts no other analogy suggesting a private party in similar circumstances to the United States would owe a duty to it under California law. The Court also knows of none that would apply in this context. Accordingly, the Court finds it lacks subject matter jurisdiction over the FTCA claim on this basis.

### 2. Discretionary Function Exception

Separately, the Court must examine whether SBA's actions are discretionary, and therefore not subject to a FTCA claim. The FTCA preserves the United States' sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). This exception functions "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viaco Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984). The government bears the burden of establishing that the exception applies. *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015).

Courts follow a two-step test to determine whether the discretionary function exception applies. First, courts ask whether the challenged act or omission was a discretionary one—that is, whether it "involve[d] an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). The discretionary function exception cannot apply when an applicable "statute, regulation, or policy specifically

prescribes a course of action." *Id.* "If the act did *not* involve an element of judgment or choice, the analysis ends there and the plaintiff's claim may proceed." *Nanouk*, 974 F.3d at 945 (emphasis in original).

If the government's conduct involved an element of judgment or choice, a court must then ask whether the discretionary decision challenged by the plaintiff "is of the kind that the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536. As stated, "[t]he decision must be one that is grounded in social, economic, and political policy." *Young v. United States*, 769 F.3d 1047, 1053 (9th Cir. 2014). The government prevails at step two if it can show that the challenged decision is "susceptible to policy analysis." *United States v. Gaubert*, 499 U.S. 315, 325 (1991).

The United States argues SBA's loan decisions and lender examination are both discretionary functions under § 2680(a). (Doc. 58 at 12–13.) In response to these arguments, Sport Collectors cites two legal sources. (Doc. 62 at 10–11.) Sport Collectors first points to *Bailey v. United States*, 623 F.3d 855 (9th Cir. 2010), for the proposition that the discretionary function exception applies when "no statute or agency policy dictates the precise manner in which the agency is to complete the challenged task." *Id.* at 860. Sport Collectors then quotes 15 U.S.C. § 631(a)—a prefatory policy statement in the Small Business Act—which underscores the importance of "free competition," "free markets," and that it is the "policy of Congress that the Government should aid, counsel, assist, and protect . . . the interests of small-business concerns in order to preserve free competitive enterprise." Other than providing these citations, Sport Collectors did not provide any legal cites, analysis, or factual comparison.

The United States' argument that SBA lender review guidelines give reviewers "wide discretion" to "use their own judgment" is persuasive. Indeed, that the SBA loan decisions challenged here are subject to discretion and judgment cannot be reasonably disputed. *See LLP Mortg. Ltd. v. Gardner*, 258 F. App'x 103, 104 (9th Cir. 2007) ("SBA's loan decisions are actions committed to agency discretion by law.") (citing *Concrete Tie*, 107 F.3d at 1372; *Gifford v. Small Bus. Admin.*, 626 F.2d 85, 86 (9th Cir.

1980)). SBA's lender oversight and examination also involve an element of judgment or choice. The SBA's guidelines highlight several areas where it employs a discretionary-based review and examination process after considering certain aspects, such as risk characteristics or performance. (*See* Doc. 22-1 at 79, 87–88, 98.)[8] The guidelines even make clear that "[t]he procedures are not mandated rules to be rigidly followed . . . but a dynamic one, requiring reviewers to use their judgment to tailor review practices to individual situations." (*Id.* at 88.) Reviewers can even "add, delete, and/or modify procedures as appropriate," even after the review has started. (*Id.* at 88, 107.) These procedures make clear that SBA's loan decisions and lender oversight involve discretion. Sport Collectors' bare citation to 15 U.S.C. § 631(a) does not change this conclusion. This statute is a prefatory policy statement and does not dictate how SBA is to complete certain tasks. *Cf. Bailey*, 623 F.3d at 860. Sport Collectors fails to make any effort to explain why SBA's loan decisions and review oversight actions are not discretionary or allege any relevant facts to state a plausible claim for relief. The first requirement is satisfied.

SBA's loan decisions, lender oversight and examination, and its need to "protect" certain borrowers is also intertwined in policy considerations. As to loan decisions, this is the exact kind of decision susceptible to economic or social policy analysis. *See Am. Ass'n of Pol. Consultants v. U.S. Small Bus. Admin.*, No. CV 20-970, 2020 WL 1935525, at *2 (D.D.C. Apr. 21, 2020), *aff'd* 810 F. App'x 8 (D.C. Cir. 2020) (stating that the "SBA has determined as a matter of policy" that certain loans should not be given in some cases); *see also* 13 C.F.R. § 120.110 (listing eighteen types of businesses ineligible for SBA business loans). SBA lender examination and oversight procedures also show these decisions are based in policy considerations. For example, certain risk assessments determining whether SBA allocates additional or fewer "resource commitments" in loan reviews involve economic and social policy concerns. (*See* Doc. 22-1 at 86.) Indeed,

---

[8] On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "the court may expand its review and 'rely on affidavits or any other evidence properly before the court.'" *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) (citation omitted).

Sport Collectors' reliance on § 631(a) spotlights the kind of policy concerns and analysis that SBA's decisions entail. Even § 631(a)'s text says it is the "policy of Congress" to protect the "interests of small-business concerns." *See* 15 U.S.C. § 631(a). Thus, the second requirement is also met.

The United States has met its burden to prove that the discretionary function exception applies. The Court lacks subject matter jurisdiction over Sport Collectors' FTCA negligence claim for this independent reason.

### C.     Breach of Good Faith and Fair Dealing Claim

Bank of America contends that Sport Collectors' Arizona common law claim for breach of the implied covenant of good faith and fair dealing is time barred. (Doc. 57 at 7.) When the statute of limitations justifies a motion to dismiss for failure to state a claim, the motion can be granted if the running of the statute is apparent on the face of the complaint, and "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). A two-year statute of limitations applies to claims for breach of the covenant of good faith and fair dealing based on a contract theory. *Martin v. Weed Inc.*, No. CV-18-00027-TUC-RM, 2018 WL 2431837, at *2 (D. Ariz. May 30, 2018).[9] Arizona's discovery rule also applies. A plaintiff's claim accrues when "the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the [claim]." *Id.* at *3 (citation omitted).

Sport Collectors alleges that, in January 2009, Bank of America "led [it] to believe there would be a modification of the 2003 loan agreement." (Doc. 55 ¶ 66.) Bank of America then "took action against Sport Collectors, in violation of SBA's rules and regulations, to render Sport Collectors Guild non-operational so that [Bank of America] could go to SBA and demand to be paid on the loan agreement." (*Id.*) Sport Collectors

---

[9] Sport Collectors and Bank of America agree that Arizona substantive law applies to the good faith and fair dealing claim. (*See* Doc. 57 at 7; Doc. 59 at 16.) Although the Court applied California law, following 28 U.S.C. § 1346(b)(1), to Sport Collectors' FTCA negligence claim against the United States, *see supra* note 6, Arizona state substantive law is proper for the good faith and fair dealing claim against Bank of America.

contends this "was a breach of the covenant of good faith and fair dealing." (*Id.* ¶ 67.)

Bank of America argues that this claim is barred by a two-year statute of limitations because, at the latest, Sport Collectors "would have been abundantly aware that [Bank of America] had not modified the loan agreement" in June 2010 when Bank of America sued Sport Collectors in state court. (Doc. 57 at 7.) It is undisputed that Sport Collectors asserted a breach of good faith and fair dealing claim almost seven years ago, when Sport Collectors counterclaimed against Bank of America in the 2010 Arizona state court action. (*See* Doc. 59 at 16; Doc. 55 ¶ 31.) Sport Collectors, however, argues that this claim was not heard on the merits because Bank of America "abandoned the 2010 [Arizona state court] action." (Doc. 59 at 16.)

In 2010, when Bank of America sued in Arizona state court to recover the remaining balance on the SBA loan, Sport Collectors was aware, or at least should have reasonably been aware, that Bank of America was not going to modify its loan agreement. (Doc. 55 ¶¶ 23–24.) Sport Collectors also concedes that, in 2014, another good faith and fair dealing claim was brought through a counterclaim against Bank of America in the Arizona state court action. (*Id.* ¶ 31; Doc. 59 at 9, 16.) Bringing that counterclaim for breach of good faith and fair dealing solidifies that in 2014, at the latest, Sport Collectors knew Bank of America was not going to modify its loan and had potentially acted contrary to the implied duty of good faith and fair dealing. It is irrelevant that the Arizona state court did not address the merits of the claim when Bank of America "abandoned the 2010 action," as Sport Collectors had an opportunity to litigate the issue when it counterclaimed. Sport Collectors tries to raise this cause of action in its Second Amended Complaint filed in July 2020. (Doc. 55 ¶¶ 64–68.) It does not matter whether the statute of limitations began in 2010 or 2014, it is now several years after the two-year statute of limitations expired. *Martin*, 2018 WL 2431837, at *2. The Court must therefore dismiss this cause of action for failure to state a claim.

## IV. LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be

freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). District courts properly deny leave to amend if the proposed amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Here, any further amendment would be futile as to any of the three causes of actions. As to fraudulent inducement claim, this Court previously dismissed this claim based on standing and provided Sport Collectors a chance to plead additional facts to establish a cognizable injury-in-fact. Sport Collectors, however, added no substantive facts. Nor did Sport Collectors address the Court's previously stated standing concerns that mere conjecture about SBA policies, as a non-party to SBA's and Bank of America's loan program agreement, "is not sufficient to state a concrete injury." (Doc. 52 at 5–6.) The Court also lacks subject matter jurisdiction over Sport Collectors' negligence claim under the FTCA. Sport Collectors also was given leave to amend this cause of action. It provided no more facts or legal analysis to establish a basis for the Court to conclude that a private party analogue exists or that the discretionary function exception does not apply. (Doc. 55 ¶¶ 56–63.) Moreover, it is apparent on the face of the Second Amended Complaint that the two-year statute of limitations for Sport Collectors' good faith and fair dealing claim began, at the latest, in 2014 and expired in 2016. (*Id.* ¶ 31.) No other facts will change the statute of limitations analysis. *See Martin*, 2018 WL 2431837, at *3 (holding that "amendment would be futile" because the statute of limitations expired).

One final reason for denying leave to amend is that the controversies between these parties has existed for over ten years now. Sport Collectors has initiated or counterclaimed in several lawsuits. It had a chance to pursue arbitration. It even sought numerous appeals, including improper interlocutory ones. There has been plenty of opportunities for Sport Collectors to state viable claims, but it has continually failed to do so. The Court cannot imagine that prolonging the existence of this all-but-dead zombie of a case would serve any legitimate purpose.

For these reasons, Sport Collectors will not be given leave to amend.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendant Bank of America's Motion to Dismiss for Failure to State a Claim. (Doc. 57.)

**IT IS FURTHER ORDERED granting** Defendant United States' Motion to Dismiss for Lack of Jurisdiction. (Doc. 58.)

**IT IS FURTHER ORDERED dismissing** this case with prejudice.

**IT IS FINALLY ORDERED directing** the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 29th day of December, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge